UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RONALD DUMAS,<br><br>            Plaintiff,<br><br>     vs.<br><br>NEW UNITED MOTOR MANUFACTURING, INC., ("NUMMI"), et al.,<br><br>            Defendants. | Case No:  C 09-5290 SBA<br><br>**ORDER**<br><br>Docket 39 |

The parties are presently before the Court on Defendant's Motion to Modify the Scheduling Order. Dkt. 39. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion for the reasons set forth below.

I.   **BACKGROUND**

Plaintiff Ronald Dumas filed a pro se wrongful termination complaint against Defendant New United Motor Manufacturing, Inc., in state court on June 30, 2009. On November 6, 2009, Defendant removed the action to this Court, Dkt. 1, and the case was assigned to a Magistrate Judge. On February 23, 2010, Defendant filed a declination to proceed before a Magistrate Judge, and the matter was reassigned to this Court on February 26, 2010. Dkt. 13. On September 15, 2010, the Court conducted a Case Management Conference and set a trial date of September 26, 2011. The Court also set the discovery cut-off for May 2,

2011, and a law and motion cut-off date of June 21, 2011.  Dkt. 31.  The Court memorialized these dates in its Order for Pretrial Preparation, filed September 27, 2010.  Dkt. 32.

On May 12, 2011, the Court granted the parties' stipulated request to extend the law and motion cut off from June 21, 2011, to July 29, 2011.  Dkt. 45.  Although the fact discovery deadline passed on May 2, 2011, the parties agreed that Defendants could take Plaintiff's deposition on May 24, 2011, and June 7, 2011, and that Plaintiff was to produce documents in response to Defendant's requests by June 1, 2011.  Id. at 2.  During his deposition on May 24, 2011, Plaintiff made reference to a storage locker in which he maintained documents responsive to Defendant's discovery requests.  Dkt. 48 at 2.  On June 7, 2011, the second day of his deposition, Plaintiff claimed that he did not have access to his storage locker, and asserted the fifth amendment in response to a number of questions.  Id.

On June 29, 2011, Defendant filed the instant motion to further modify the Court's Order for Pretrial Preparation based on Plaintiff's alleged failure to cooperate in providing discovery.  Specifically, Defendant proposes extending the *filing deadline* for non-dispositive motions to July 15, 2011, and the *filing deadline* for dispositive motions to October 7, 2011.[1]  Taking into account the thirty-five day notice period required under the Local Rules, this would mean that the law and motion cut-off would be extended to November 4, 2011, five months after the original June 21, 2011, deadline.  In addition, Defendant proposes continuing the pretrial conference from August 5, 2011, to December 2011 or January 2012, and continuing the trial date from September 26, 2011, to February 2012.  Plaintiff has not filed a response to Defendant's motion.

## II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 16(b)(3)(A), district courts must enter a scheduling order to establish deadlines to, among other things, "complete discovery" and "file motions."  Scheduling orders may also include "dates for pretrial conferences and for

---

[1] October 7, 2011, is a Friday.  As indicated in the Court's Standing Orders, the Court's law and motion calendars are conducted on Tuesdays.  In addition, the Court does not set motion filing deadlines.  Rather, it sets a deadline for motions to be heard.

1  trial." Fed. R. Civ. P. 16(b)(3)(B)(v).  Once a Rule 16 scheduling order is entered, the
2  schedule "may be modified only for good cause and with the judge's consent."  Id.
3  16(b)(4).  A pretrial schedule may be modified "if it cannot reasonably be met despite the
4  diligence of the party seeking the extension."  Johnson v. Mammoth Recreations, Inc., 975
5  F.2d 604, 609 (9th Cir. 1992) (citation and quotations omitted).  But, if the party seeking
6  the modification of the scheduling order "was not diligent, the inquiry should end."  Id.  "A
7  scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly
8  disregarded by counsel without peril."  Id. at 610.
9       Defendant requires an extension of the law and motion cut-off date, as well as
10 continuances of the pretrial conference date and trial date, in order to accommodate its
11 forthcoming motion for summary judgment.  The current law and motion cut-off date is
12 July 29, 2011.  Based on the Court's thirty-five day notice requirement, Civ. L.R. 7-1, the
13 last day Defendant could have filed its motion was on June 24, 2011.  Nonetheless,
14 Defendant claims that it did not have sufficient time to prepare and file its summary
15 judgment motion by that date because it was necessary to review the transcript from
16 Plaintiff's deposition, which it did not receive until June 21, 2011.  Defendant also states
17 that the proposed extension is necessary for it to file a motion to compel.  However, the
18 Court notes that this case has been pending since November 2009, and Defendant has had
19 ample opportunity to obtain the discovery necessary to formulate its dispositive motion.
20 The predicament now facing Defendant could easily have been avoided had it not waited
21 until after the close of fact discovery and the eve of the law and motion cut-off date to take
22 Plaintiff's deposition and obtain responses to its document requests.
23      The above notwithstanding, the Court does not countenance Plaintiff's apparent
24 failure to cooperate in the discovery process.  "Our system of discovery was designed to
25 increase the likelihood that justice will be served in each case, not to promote principles of
26 gamesmanship and deception in which the person who hides the ball most effectively wins
27 the case."  Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425, 428-429 (6th Cir. 1996).
28 Thus, to balance the competing concerns presented in this case, the Court will permit

1 Defendant an opportunity to file a motion for summary judgment, and will briefly continue
2 the trial date, pretrial conference and related pretrial document filing deadlines to
3 accommodate such motion.  The Court does not grant Defendant leave to file any discovery
4 motions, which inevitably would result in further delay in resolving this action.  See
5 Armster v. U.S. Dist. Court for Cent. Dist. of California, 806 F.2d 1347, 1350 (9th Cir.
6 1986) (noting that district courts have "wide discretion in scheduling and rescheduling civil
7 jury trials").

**III.   CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.   Defendant's Motion to Modify the Scheduling Order is GRANTED IN PART, and DENIED IN PART.

2.   Defendant is granted leave to file a motion for summary judgment by no later than August 2, 2011.  Plaintiff's opposition shall be filed by no later than August 9, 2011.  Defendant's reply shall be filed by no later than August 16, 2011.  The motion and opposition may not exceed fifteen (15) pages and the reply may not exceed (10) pages.  Unless otherwise ordered by the Court, the motion will be resolved without oral argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

3.   The Order for Pretrial Preparation, filed September 27, 2010, (Dkt. 32), as modified by the Court's Order of May 12, 2011 (Dkt. 45), is FURTHER MODIFIED as follows:

    a.   Pretrial preparation due:                          10/04/11

    b.   Motions in limine/objections to evidence[2]:   10/11/11

---

[2] All motions in limine submitted by each party shall be set forth in a single memorandum, not to exceed ten (10) pages in length.  Responses to the motions in limine shall be set forth in a single memorandum, not to exceed ten (10) pages in length.  Reply briefs shall not exceed six (6) pages. No motions in limine will be considered unless the parties certify that they met and conferred prior to the filing of such motion.  Any request to exceed the page limit must be submitted prior to the deadline for these briefs and must be supported by a showing of good cause, along with a certification that the applicant has met and conferred with the opposing party.

|   |     |                                                               |                      |
|---|-----|---------------------------------------------------------------|----------------------|
| c |     | Responses to motions in limine/ objections to evidence:       | 10/18/11             |
|   | d.  | Replies in support of motions in limine/ objections to evidence: | 10/25/11         |
|   | e.  | Pretrial conference:                                          | 11/8/11 at 1:00 p.m. |
|   | f.  | Trial date (three day jury trial):                            | 12/5/11 at 8:30 a.m. |
|   | g.  | Mandatory settlement conference:                              | 9/19-9/30/11         |

4. No further requests to continue the trial date or any other scheduled dates or deadlines will be considered absent exigent and unforeseen circumstances.

5. This Order terminates Docket 39.

IT IS SO ORDERED.

Dated: July 21, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 5 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD DUMAS et al,

       Plaintiff,

  v.

NEW UNITED MOTOR MANUFACTURING, INC et al,

       Defendant.
_____/

Case Number: CV09-05290 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Dumas
942 91st Avenue
Oakland, CA 94603

Dated: July 21, 2011

                            Richard W. Wieking, Clerk

                                By: LISA R CLARK, Deputy Clerk